b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ARTERMISE M. EDWARDS, Plaintiff | CIVIL DOCKET NO. 1:23-CV-01012 |
| VERSUS | DISTRICT JUDGE DRELL |
| THOMAS WELLS, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Complaint filed by Plaintiff Artermise M. Edwards ("Edwards") against Defendant Thomas Wells ("Wells"). Edwards asserts diversity jurisdiction under 28 U.S.C. § 1332. He states a breach of contract claim based on a 1999 contract between Wells (an attorney) and Edwards's mother, Janice Ann Edwards, on behalf of Edwards when he was a minor.[1] ECF No. 1-2 at 5.

The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This duty persists throughout all phases of the litigation, "even after trial and the entry of final judgment." Id. at 506-07.

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. "Complete diversity requires that

---

[1] The contract involved a $100,000 settlement for Edwards. Wells agreed to put the funds in a savings account, to be administered by Edwards's mother (tutor) and under-tutor.

all persons on one side of the controversy be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Further, "when jurisdiction depends on citizenship, citizenship must be distinctly and affirmatively alleged." *Getty Oil Corp., a Div. of Texaco, Inc. v. Ins. Co. of N. Am.,* 841 F.2d 1254, 1259 (5th Cir. 1988). Diversity of citizenship must exist at the time the action is commenced. *See Coury v. Prot*, 85 F.3d 244, 248–49 (5th Cir. 1996).

Edwards contends that he resides in Texarkana Texas, and that Wells resides in Louisiana. ECF No. 1 at 2. Edwards stated in his Complaint that he lives in Texas, and his pleadings have been mailed to the Court in envelopes that all bear his Texas address. However, on one page of his Complaint form (ECF No. 1 at 6), Edwards wrote that he lives in Louisiana.

Therefore, the existence of federal jurisdiction is in question.

IT IS ORDERED that, no later than **21 days** from service of this Order on Plaintiff Edwards, Plaintiff SHALL FILE a Jurisdictional Statement setting forth the state(s) in which he resides.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this \_\_22nd\_\_ day of August, 2023.

Joseph H.L. Perez-Montes
United States Magistrate Judge